UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:18-cr-00062-JDL-1 |
| | ) |
| ABDIRASHID AHMED, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

On May 24, 2019, Abdirashid Ahmed pleaded guilty to Conspiracy to Commit Health Care Fraud (ECF No. 159), on July 16, 2021, he was sentenced to a term of 24 months imprisonment (ECF No. 387), and on July 29, 2021, he filed a Notice of Appeal (ECF No. 398). On July 30, 2021, Ahmed filed a Motion for Bail Pending Appeal (ECF No. 401) and the Government has filed a Response in Opposition (ECF No. 403). For the reasons that follow, the motion is denied.

## I. BACKGROUND

At sentencing, I determined that the loss calculation attributable to Ahmed was $1,863,264.85 and that he occupied a leadership role in the conspiracy. Under the applicable Guideline analysis, I determined that Ahmed had a final offense level of 25 with a criminal history category of I. This resulted in an advisory Guideline range of 57-71 months imprisonment. After applying the factors enumerated in 18 U.S.C.A. § 3553 (West 2021), I varied down below the Guideline range and imposed a sentence of 24 months imprisonment. I ordered Ahmed to self-report to the Federal Bureau of Prisons on October 20, 2021 (ECF No. 387).

1

## II.  MOTION FOR BAIL PENDING APPEAL

Ahmed seeks to remain on bail pending his appeal.  He contends that, on appeal, he will raise a substantial question of law and fact that is likely to result in a reduced term of imprisonment which would be less than the total of the time he would have already served plus the expected duration of the appeal process.  Ahmed intends to raise the issues of the loss calculation amount attributed to him and the application of the role enhancement.

## III.  LEGAL STANDARD

Motions for bail pending appeal are governed by 18 U.S.C.A. § 3143(b) (West 2021).  Section 3143(b) mandates that a person found guilty and sentenced to a term of imprisonment be detained pending appeal unless the court makes specific findings supporting release.  First, the defendant must demonstrate "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C.A. § 3143(b)(A).  Second, the defendant must show "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in": "reversal"; "an order for a new trial"; "a sentence that does not include a term of imprisonment"; or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C.A. § 3143(b)(B); *see also Morison v. United States*, 486 U.S. 1306, 1306 (1988); Fed. R. Crim. P. 46(c).  A substantial question of law or fact exists when the issue appealed is "a 'close' question or one that very well could be decided the other way." *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901

(11th Cir. 1985)). This standard is rigorous, and the determination is made on a case-by-case basis. *Id*.

### IV. DISCUSSION

The Government does not dispute that Ahmed can satisfy the first required finding regarding flight risk and danger. The parties' disagreement centers on the second required finding: whether the appeal will raise a substantial question of law or fact that is likely to result in reversal; an order for new trial; a sentence that does not include a term of imprisonment; or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. Ahmed argues that, because the issues of the loss amount and his alleged leadership role were vigorously contested and voluminous evidence associated with both issues was offered at the sentencing, each of these issues presents substantial questions of law and fact. I consider each issue in turn.

Regarding the loss amount calculation, a "court need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 cmt. 3(C). A sentencing judge is "in a unique position to assess the evidence and estimate the loss based upon that evidence" and "is entitled to appropriate deference." *Id*. Where the claims are "demonstrably rife with fraud," the sentencing court "may use the face value of the claims as a starting point." *United States v. Alphas*, 785 F.3d 775, 784 (1st Cir. 2015).

Here, the evidence demonstrated that the MaineCare claims at issue were demonstrably rife with fraud. Ahmed did not produce persuasive evidence that any of the MaineCare claims resulting in the total loss amount were for legitimate, reimbursable services. Thus, no substantial question of fact exists regarding the total

loss amount found at sentencing. Similarly, there is no substantial question of law on this issue. Ahmed does not argue that the Court failed to apply the correct legal standard, nor has he identified an alternative legal standard that should have been applied. I conclude that no substantial question of fact or law exists as to the Court's determination of the total loss amount.

The same is true regarding the role enhancement that was based on the Court's factual findings regarding Ahmed's leadership role in the conspiracy. *See United States v. Cortés-Caban*, 691 F.3d 1, 28 (1st Cir. 2012) (confirming the applicability of the role enhancement when the defendant is shown to "exercise[] authority or control over another participant on one occasion" (quoting *United States v. Flores-de-Jesús*, 569 F.3d 8, 34 (1st Cir. 2009))). Beyond claiming that the evidence was voluminous, Ahmed has not offered a cogent explanation as to why the evidence presented a close question of fact. For the reasons stated on the record at the sentencing hearing, the evidence clearly demonstrated Ahmed's leadership role in the conspiracy, which supported the application of the role enhancement. In addition, he has not suggested that the Court failed to apply First Circuit precedent regarding the application of the role enhancement. Accordingly, Ahmed has not carried his burden to show there is a close question of law or fact on this issue.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Bail Pending Appeal (ECF No. 401) is **DENIED**.

**SO ORDERED.**

**Dated this 22nd day of September, 2021**

                                               **/s/ JON D. LEVY**
                                    **CHIEF U.S. DISTRICT JUDGE**